1   ROBERT D. EASSA, Bar No. 107970
    reassa@browneassa.com
2   TARA K. CLANCY, Bar No. 253321
    tclancy@browneassa.com
3   **BROWN EASSA & McLEOD LLP**
    1999 Harrison Street, Suite 1800
4   Oakland, California  94612-3520
    Telephone:     510.444.3131
5   Facsimile:     510.839.7940

6   Attorneys for Defendants
    ROSS SYSTEMS, INC.; CDC SOFTWARE
7   CORPORATION; and CDC SOFTWARE, INC.

8

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11

12  CALIFORNIA VALLEY LAND              No. 1:11-cv-01362-AWI-SMS
    COMPANY dba WOOLF ENTERPRISES,
13  and HARRIS WOOLF ALMONDS,

14              Plaintiff,             **STIPULATED PROTECTIVE ORDER**

15  v.

16  ROSS SYSTEMS, INC; CDC
    SOFTWARE, INC.; CDC SOFTWARE
17  CORPORATION; and DOES 1 through
    100, inclusive,
18
                Defendants.
19

20

21  1.      **PURPOSES AND LIMITATIONS**

22          Disclosure and discovery activity in this action are likely to involve production of

23  confidential, proprietary, or private information for which special protection from public

24  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

25  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

26  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

27  all disclosures or responses to discovery and that the protection it affords from public disclosure

28  and use extends only to the limited information or items that are entitled to confidential treatment

- 1 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1    under the applicable legal principles.  The parties further acknowledge, as set forth in Section

2    12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

3    information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and

4    the standards that will be applied when a party seeks permission from the court to file material

5    under seal.

6    **2.       DEFINITIONS**

7             2.1.    Challenging Party:  a Party or Non-Party that challenges the designation of

8    information or items under this Order.

9             2.2.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

10   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

11   of Civil Procedure 26(c).

12            2.3.    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

13   well as their support staff).

14            2.4.    Designated House Counsel:  House Counsel who seek access to "HIGHLY

15   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

16            2.5.    Designating Party:  a Party or Non-Party that designates information or items that

17   it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

19   CODE."

20            2.6.    Disclosure or Discovery Material: all items or information, regardless of the

21   medium or manner in which it is generated, stored, or maintained (including, among other things,

22   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

23   responses to discovery in this matter.

24            2.7.    Expert:  a person with specialized knowledge or experience in a matter pertinent to

25   the litigation who:  (1) has been retained by a Party or its counsel to serve as an expert witness or

26   as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

27   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

28   or of a Party's competitor.

- 2 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1      2.8.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

2 Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

3 Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

4 less restrictive means.

5      2.9.    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

6 extremely sensitive "Confidential Information or Items" representing computer code and

7 associated comments and revision histories, formulas, engineering specifications, or schematics

8 that define or otherwise describe in detail the algorithms or structure of software or hardware

9 designs, disclosure of which to another Party or Non-Party would create a substantial risk of

10 serious harm that could not be avoided by less restrictive means.

11      2.10.   House Counsel: attorneys who are employees of a party to this action. House

12 Counsel does not include Outside Counsel of Record or any other outside counsel, with the

13 exception that specific outside counsel shall be considered House Counsel if a Party has no in-

14 house counsel and instead generally uses that specific outside counsel for corporate and/or

15 business matters that would usually be handled by in-house counsel.

16      2.11.   Non-Party: any natural person, partnership, corporation, association, or other legal

17 entity not named as a Party to this action.

18      2.12.   Outside Counsel of Record: attorneys who are not employees of a party to this

19 action but are retained to represent or advise a party to this action and have appeared in this action

20 on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

21      2.13.   Party: any party to this action, including all of its officers, directors, employees,

22 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

23      2.14.   Producing Party: a Party or Non-Party that produces Disclosure or Discovery

24 Material in this action.

25      2.15.   Professional Vendors: persons or entities that provide litigation support services

26 (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

27 organizing, storing, or retrieving data in any form or medium) and their employees and

28 subcontractors.

- 3 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1    2.16.   Protected Material:  any Disclosure or Discovery Material that is designated as

2    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as

3    "HIGHLY CONFIDENTIAL – SOURCE CODE."

4    2.17.   Receiving Party:  a Party that receives Disclosure or Discovery Material from a

5    Producing Party.

6    **3.    SCOPE**

7    The protections conferred by this Stipulation and Order cover not only Protected Material

8    (as defined above), but also: (1) any information copied or extracted from Protected Material; (2)

9    all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

10   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

11   Any use of Protected Material at trial shall be governed by a separate agreement or order.

12   **4.    DURATION**

13   Even after final disposition of this litigation, the confidentiality obligations imposed by

14   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

15   order otherwise directs.  Final disposition shall be deemed to be the later of:  (1) dismissal of all

16   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

17   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

18   including the time limits for filing any motions or applications for extension of time pursuant to

19   applicable law.

20   **5.    DESIGNATING PROTECTED MATERIAL**

21   5.1.   Exercise of Restraint and Care in Designating Material for Protection.  Each Party

22   or Non-Party that designates information or items for protection under this Order must take care

23   to limit any such designation to specific material that qualifies under the appropriate standards.

24   To the extent it is practical to do so, the Designating Party must designate for protection only

25   those parts of material, documents, items, or oral or written communications that qualify – so that

26   other portions of the material, documents, items, or communications for which protection is not

27   warranted are not swept unjustifiably within the ambit of this Order.

28

- 4 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1        5.1.1.   Mass, indiscriminate, or routinized designations are prohibited.

2   Designations that are shown to be clearly unjustified or that have been made for an improper

3   purpose (e.g., to unnecessarily encumber or retard the case development process or to impose

4   unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5        5.1.2.   If it comes to a Designating Party's attention that information or items that

6   it designated for protection do not qualify for protection at all or do not qualify for the level of

7   protection initially asserted, that Designating Party must promptly notify all other parties that it is

8   withdrawing the mistaken designation.

9       5.2.   Manner and Timing of Designations.  Except as otherwise provided in this Order,

10   or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

11   protection under this Order must be clearly so designated before the material is disclosed or

12   produced.  Designation in conformity with this Order requires:

13       (a)   for information in documentary form (e.g., paper or electronic documents, but

14   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

15   Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

16   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

17   protected material.  If only a portion or portions of the material on a page qualifies for protection,

18   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

19   appropriate markings in the margins) and must specify, for each portion, the level of protection

20   being asserted.

21       A Party or Non-Party that makes original documents or materials available for inspection

22   need not designate them for protection until after the inspecting Party has indicated which

23   material it would like copied and produced.  During the inspection and before the designation, all

24   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

26   copied and produced, the Producing Party must determine which documents, or portions thereof,

27   qualify for protection under this Order.  Then, before producing the specified documents, the

28   Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

- 5 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

2  CODE") to each page that contains Protected Material.  If only a portion or portions of the

3  material on a page qualifies for protection, the Producing Party also must clearly identify the

4  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

5  each portion, the level of protection being asserted.

6  (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

7  Designating Party identify on the record, before the close of the deposition, hearing, or other

8  proceeding, all protected testimony and specify the level of protection being asserted.  When it is

9  impractical to identify separately each portion of testimony that is entitled to protection and it

10  appears that substantial portions of the testimony may qualify for protection, the Designating

11  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

12  a right to have up to 21 days to identify the specific portions of the testimony as to which

13  protection is sought and to specify the level of protection being asserted.  Only those portions of

14  the testimony that are appropriately designated for protection within the 21 days shall be covered

15  by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may

16  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

17  entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

19  Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

20  other proceeding to include Protected Material so that the other parties can ensure that only

21  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

22  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

23  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25  Transcripts containing Protected Material shall have an obvious legend on the title page

26  that the transcript contains Protected Material, and the title page shall be followed by a list of all

27  pages (including line numbers as appropriate) that have been designated as Protected Material and

28  the level of protection being asserted by the Designating Party. The Designating Party shall

- 6 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1    inform the court reporter of these requirements.  Any transcript that is prepared before the

2    expiration of a 21-day period for designation shall be treated during that period as if it had been

3    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

4    otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

5    actually designated.

6    (c)    for information produced in some form other than documentary and for any other

7    tangible items, that the Producing Party affix in a prominent place on the exterior of the container

8    or containers in which the information or item is stored the legend "CONFIDENTIAL,"

9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "HIGHLY

10   CONFIDENTIAL – SOURCE CODE."   If only a portion or portions of the information or item

11   warrant protection, the Producing Party, to the extent practicable, shall identify the protected

12   portion(s) and specify the level of protection being asserted.

13   5.3.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

14   designate qualified information or items does not, standing alone, waive the Designating Party's

15   right to secure protection under this Order for such material.  Upon timely correction of a

16   designation, the Receiving Party must make reasonable efforts to assure that the material is

17   treated in accordance with the provisions of this Order.

18   **6.        CHALLENGING CONFIDENTIALITY DESIGNATIONS**

19   6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

20   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

21   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

22   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

23   challenge a confidentiality designation by electing not to mount a challenge promptly after the

24   original designation is disclosed.

25   6.2.    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

26   process by providing written notice of each designation it is challenging and describing the basis

27   for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

28   notice must recite that the challenge to confidentiality is being made in accordance with this

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 1:11-CV-01362-AWI-SMS**

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1    specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

2    good faith and must begin the process by conferring directly (in voice to voice dialogue; other

3    forms of communication are not sufficient) within 14 days of the date of service of notice. In

4    conferring, the Challenging Party must explain the basis for its belief that the confidentiality

5    designation was not proper and must give the Designating Party an opportunity to review the

6    designated material, to reconsider the circumstances, and, if no change in designation is offered,

7    to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

8    stage of the challenge process only if it has engaged in this meet and confer process first or

9    establishes that the Designating Party is unwilling to participate in the meet and confer process in

10   a timely manner.

11          6.3.    Judicial Intervention.  If the Parties cannot resolve a challenge without court

12   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

13   Civil Local Rule 141.1 (and in compliance with Civil Local Rule 141, if applicable) within 21

14   days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

15   confer process will not resolve their dispute, whichever is earlier.  Each such motion must be

16   accompanied by a competent declaration affirming that the movant has complied with the meet

17   and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to

18   make such a motion including the required declaration within 21 days (or 14 days, if applicable)

19   shall automatically waive the confidentiality designation for each challenged designation.  In

20   addition, the Challenging Party may file a motion challenging a confidentiality designation at any

21   time if there is good cause for doing so, including a challenge to the designation of a deposition

22   transcript or any portions thereof. Any motion brought pursuant to this provision must be

23   accompanied by a competent declaration affirming that the movant has complied with the meet

24   and confer requirements imposed by the preceding paragraph.

25          The burden of persuasion in any such challenge proceeding shall be on the Designating

26   Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

27   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

28   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

- 8 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1  file a motion to retain confidentiality as described above, all parties shall continue to afford the

2  material in question the level of protection to which it is entitled under the Producing Party's

3  designation until the court rules on the challenge.

4  **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

5      7.1.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed

6  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

7  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

8  to the categories of persons and under the conditions described in this Order. When the litigation

9  has been terminated, a Receiving Party must comply with the provisions of section 14 below

10  (FINAL DISPOSITION).

11      Protected Material must be stored and maintained by a Receiving Party at a location and

12      in a secure manner that ensures that access is limited to the persons authorized under this

13      Order.

14      7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

15  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

16  disclose any information or item designated "CONFIDENTIAL" only to:

17      (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

18  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

19  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

20  Bound" that is attached hereto as Exhibit A;

21      (b)     the officers, directors, and employees (including House Counsel) of the Receiving

22  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24      (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is

25  reasonably necessary for this litigation and who have signed the "Acknowledgment and

26  Agreement to Be Bound" (Exhibit A);

27      (d)     the court and its personnel;

28

- 9 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1    (e)    court reporters and their staff, professional jury or trial consultants, and

2  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

3  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

5  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

6  unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

7  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

8  bound by the court reporter and may not be disclosed to anyone except as permitted under this

9  Stipulated Protective Order.

10    (g)    the author or recipient of a document containing the information or a custodian or

11  other person who otherwise possessed or knew the information.

12    7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

13  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise

14  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

15  disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

16  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

17    (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

18  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

19  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

20  Bound" that is attached hereto as Exhibit A;

21    (b)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

22  this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

23  A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been

24  followed];

25    (c)    the court and its personnel;

26    (d)    court reporters and their staff, professional jury or trial consultants, and

27  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

28  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

- 10 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1   (e)   the author or recipient of a document containing the information or a custodian or

2 other person who otherwise possessed or knew the information.

3   7.4.   Procedures for Approving or Objecting to Disclosure of "HIGHLY

4 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

5 CODE" Information or Items to Designated House Counsel or Experts.

6   (a)(1)   Designated House Counsel: Unless otherwise ordered by the court or agreed to in

7 writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any

8 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

9 EYES ONLY" must make a written request to the Designating Party that: (1) sets forth the full

10 name of the Designated House Counsel and the city and state of his or her residence, and (2)

11 describes the Designated House Counsel's current and reasonably foreseeable future primary job

12 duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may

13 become involved, in any competitive decision-making. Any Designated House Counsel who

14 receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to

15 this Order shall disclose, within 14 days of occurrence, any relevant changes in job duties or

16 responsibilities that occur prior to final disposition of the litigation to allow the Designating Party

17 to evaluate any later-arising competitive decision-making responsibilities.

18   (a)(2)   Experts: Unless otherwise ordered by the court or agreed to in writing by the

19 Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

20 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

21 EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must make a written request

22 to the Designating Party that: (1) identifies the general categories of "HIGHLY

23 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

24 CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

25 forth the full name of the Expert and the city and state of his or her primary residence, (3)

26 attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

27 identifies each person or entity from whom the Expert has received compensation or funding for

28 work in his or her areas of expertise or to whom the expert has provided professional services,

- 11 -

BROWN EASSA

1999 HARRISON STREET, SUITE 1800
OAKLAND, CALIFORNIA 94612-3520

1    including in connection with a litigation, at any time during the preceding five years, and (6)

2    identifies (by name and number of the case, filing date, and location of court) any litigation in the

3    agricultural commodities or grocery context in connection with which the Expert has offered

4    expert testimony, including through a declaration, report, or testimony at a deposition or trial,

5    during the preceding five years.

6          (b)      A Party that makes a request and provides the information specified in the

7    preceding respective paragraphs may disclose the subject Protected Material to the identified

8    Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

9    receives a written objection from the Designating Party.  Any such objection must set forth in

10   detail the grounds on which it is based.

11         (c)      A Party that receives a timely written objection must meet and confer with the

12   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

13   agreement within seven days of the written objection.  If no agreement is reached, the Party

14   seeking to make the disclosure to Designated House Counsel or the Expert may file a motion

15   seeking permission from the court to do so.  Any such motion must describe the circumstances

16   with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

17   the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

18   suggest any additional means that could be used to reduce that risk.  In addition, any such motion

19   must be accompanied by a competent declaration describing the parties' efforts to resolve the

20   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

21   setting forth the reasons advanced by the Designating Party for its refusal to approve the

22   disclosure.

23         In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

24   Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

25   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

26   Material to its Designated House Counsel or Expert.

27   **8.      <u>SOURCE CODE</u>**

28         (a)      To the extent production of source code becomes necessary in this case, a

- 12 -

BROWN EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1    Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE"

2    if it comprises or includes confidential, proprietary, or trade secret source code.

3         (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

4    CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to

6    whom "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" information may be

7    disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House

8    Counsel.

9         (c)    Any source code produced in discovery shall be made available for inspection, in a

10   format allowing it to be reasonably reviewed and searched, during normal business hours or at

11   other mutually agreeable times, at an office of the Producing Party's counsel or another mutually

12   agreed upon location.  The source code shall be made available for inspection on a secured

13   computer in a secured room without Internet access or network access to other computers, and the

14   Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto

15   any recordable media or recordable device.  The Producing Party may visually monitor the

16   activities of the Receiving Party's representatives during any source code review, but only to

17   ensure that there is no unauthorized recording, copying, or transmission of the source code.

18        (d)    The Receiving Party may request paper copies of limited portions of source code

19   that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

20   other ppaers, or for deposition or trial, but shall not request paper copies for the pruposes of

21   reviewing the source code other than electronically as set ofrth in paragraph (c) in the first

22   instance.  The Producing Party shall provide all such source code in paper form including bates

23   numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party

24   may challenge the amount of source code requested in hard copy form pursuant to the dispute

25   resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

26   "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

27   resolution.

28

- 13 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1    (e)    The Receiving Party shall maintain a record of any individual who has inspected

2    any portion of the source code in electronic or paper for.  The Receiving Party shall maintain all

3    paper copies of any printed portions of the source code in a secured, locked area.  The Receiving

4    Party shall not create any electronic or other images of the paper copies and shall not convert any

5    of the information contained in the paper copies into any electronic format.  The Receiving Party

6    shall only make additional paper copies if such additional copies are:  (1) necessary to prepare

7    court filings, pleadings, or other papers (including a testifying expert's expert report), (2)

8    necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper

9    copies used during a deposition shall be retrieved by the Producing Party at the end of each day

10   and must not be given to or left with a court reporter or any other individual.

11   **9.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

12   **OTHER LITIGATION**

13   If a Party is served with a subpoena or a court order issued in other litigation that compels

14   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

15   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL –

16   SOURCE CODE" that Party must:

17   (a)    promptly notify in writing the Designating Party.  Such notification shall include a

18   copy of the subpoena or court order;

19   (b)    promptly notify in writing the party who caused the subpoena or order to issue in

20   the other litigation that some or all of the material covered by the subpoena or order is subject to

21   this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order;

22   and

23   (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

24   Designating Party whose Protected Material may be affected.

25   If the Designating Party timely seeks a protective order, the Party served with the

26   subpoena or court order shall not produce any information designated in this action as

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

28   "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from
- 14 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1    which the subpoena or order issued, unless the Party has obtained the Designating Party's

2    permission.  The Designating Party shall bear the burden and expense of seeking protection in

3    that court of its confidential material – and nothing in these provisions should be construed as

4    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

5    another court.

6    **10.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

7    **THIS LITIGATION**

8           (a)      The terms of this Order are applicable to information produced by a Non-Party in

9    this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

11   information produced by Non-Parties in connection with this litigation is protected by the

12   remedies and relief provided by this Order.  Nothing in these provisions should be construed as

13   prohibiting a Non-Party from seeking additional protections.

14          (b)      In the event that a Party is required, by a valid discovery request, to produce a

15   Non-Party's confidential information in its possession, and the Party is subject to an agreement

16   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

17              (1)      promptly notify in writing the Requesting Party and the Non-Party that

18   some or all of the information requested is subject to a confidentiality agreement with a Non-

19   Party;

20              (2)      promptly provide the Non-Party with a copy of the Stipulated Protective

21   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

22   the information requested; and

23              (3)      make the information requested available for inspection by the Non-Party.

24          (c)      If the Non-Party fails to object or seek a protective order from this court within 14

25   days of receiving the notice and accompanying information, the Receiving Party may produce the

26   Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

27   seeks a protective order, the Receiving Party shall not produce any information in its possession

28   or control that is subject to the confidentiality agreement with the Non-Party before a

- 15 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1   determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

2   burden and expense of seeking protection in this court of its Protected Material.

3   **11.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5   Material to any person or in any circumstance not authorized under this Stipulated Protective

6   Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the

7   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

8   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

9   made of all the terms of this Order, and (d) request such person or persons to execute the

10  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11  **12.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

12  **           PROTECTED MATERIAL**

13          When a Producing Party gives notice to Receiving Parties that certain inadvertently

14  produced material is subject to a claim of privilege or other protection, the obligations of the

15  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

16  provision is not intended to modify whatever procedure may be established in an e-discovery

17  order that provides for production without prior privilege review.  Pursuant to Federal Rule of

18  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

19  communication or information covered by the attorney-client privilege or work product

20  protection, the parties may incorporate their agreement in the stipulated protective order

21  submitted to the court.

22  **13.      MISCELLANEOUS**

23          13.1.   Right to Further Relief.  Nothing in this Order abridges the right of any person to

24  seek its modification by the court in the future.

25          13.2.   Right to Assert Other Objections.  By stipulating to the entry of this Protective

26  Order no Party waives any right it otherwise would have to object to disclosing or producing any

27  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

28

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1   no Party waives any right to object on any ground to use in evidence of any of the material

2   covered by this Protective Order.

3         13.3.   Filing Protected Material.  Without written permission from the Designating Party

4   or a court order secured after appropriate notice to all interested persons, a Party may not file in

5   the public record in this action any Protected Material.  A Party that seeks to file under seal any

6   Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed

7   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

8   issue.  Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request

9   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

10  otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

11  Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving

12  Party may file the Protected Material in the public record unless otherwise instructed by the court.

13  **14.      FINAL DISPOSITION**

14        14.1.   Unless otherwise ordered or agreed in writing by the Producing Party, within 60

15  days after the final disposition of this action, as defined in paragraph 4, each Receiving Party

16  must return all Protected Material to the Producing Party or destroy such material.  As used in this

17  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

18  any other format reproducing or capturing any of the Protected Material.  Whether the Protected

19  Material is returned or destroyed, the Receiving Party must submit a written certification to the

20  Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

21  deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was

22  returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

23  abstracts, compilations, summaries or any other format reproducing or capturing any of the

24  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

25  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

26  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

27  consultant and expert work product, even if such materials contain Protected Material.  Any such

28

- 17 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

1   archival copies that contain or constitute Protected Material remain subject to this Protective

2   Order as set forth in Section 4 (DURATION).

3   **IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

4   Dated: October 9, 2012                     **BROWN EASSA & McLEOD LLP**

5

6

7                                              By:_____/s/_____
                                                   ROBERT D. EASSA
8                                                  TARA K. CLANCY
                                                   Attorneys for Defendants
9                                                  ROSS SYSTEMS, INC.; CDC SOFTWARE
                                                   CORPORATION; and CDC SOFTWARE,
10                                                 INC.

11  Dated: October 9, 2012                     **WILLOUGHBY, STUART & BENING**

12

13

14                                             By:_____/s/_____
                                                   ALEXANDER F. STUART
15                                                 GEORGE W. DOWELL
                                                   Attorneys for Plaintiff
16                                                 CALIFORNIA VALLEY LAND
                                                   COMPANY dba WOOLF ENTERPRISES

17

18  **IT IS SO ORDERED.**

19

20   DATED:  10/10/2012                        /s/ SANDRA M. SNYDER
                                               U.S. MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

- 18 -

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California in the case of California Valley Land Company dba Woolf Enterprises, et al. v. Ross

Systems, Inc., et al, Case No. No. 1:11-cv-01362-AWI-SMS.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


DATE:_____


City and State where sworn and signed:  _____


Printed name:  _____


Signature:  _____



1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

- 19 -

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 1:11-CV-01362-AWI-SMS**