# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA LAND VALLEY COMPANY dba WOOLF ENTERPRISES and HARRIS WOOLF ALMONDS,<br><br>Plaintiffs,<br><br>v.<br><br>ROSS SYSTEMS, INC; CDC SOFTWARE, INC.; CDC SOFTWARE CORPORATION; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:11-cv-01362-AWI-SMS<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE SUBPOENA<br><br>(Doc. 40) |

On March 6, 2013, Plaintiffs issued a subpoena to the law firm of Lightfoot, Franklin &White LLP ("Lightfoot"). The subpoena sought a hard drive belonging to Jay Jordan, one of Defendants' former executives. Lightfoot had obtained the hard drive through discovery in a prior lawsuit against Defendants in Alabama.

Before the Court is Defendants' motion to quash the subpoena on the grounds that it requires Lightfoot to violate the protective order from the Alabama lawsuit. The Court denies Defendants' motion. However, it stays this order so Defendants may provide the hard drive to Plaintiffs pursuant to the protective order in this case, as detailed below.

## **DISCUSSION**

Courts generally respect one another's protective orders. When asked to modify or terminate these orders, courts "have frequently felt constrained by principles of comity, courtesy, and where a federal court is asked to take such action with regard to a previously issued state court protective

1

order, federalism." *Donovan v. Lewnowski*, 221 F.R.D. 587, 588 (S.D. Fla. 2004) (citing *Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 191 F.R.D. 495, 499-500 (D.Md.2000) (describing exceptions)).

But these principles are not at stake here. The question is not whether materials can be discovered from Lightfoot. The question is why they were not discovered from Defendants. In May 2012, Plaintiffs served 68 requests for production. As to 24 of these, Defendants responded that, after a "diligent search and a reasonable inquiry," they believed they did not have the items in their "possession, custody, or control." At least to the extent that these items (including ten hard drives) were held by Lightfoot, this was incorrect. Under the Alabama protective order, Defendants had the right to retrieve all the materials subject to it—and thus, had "possession, custody, or control" over these materials—beginning 90 days after that case settled, more than a month prior to the start of discovery in this case. *See United States v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450 (9th Cir.1989) (defining "control" as "the legal right to obtain documents upon demand"). Thus, the Court inquired of Defendants why a "diligent search and a reasonable inquiry" did not reach materials held by a law firm that had just beaten them on similar legal issues.

Counsel for Defendants gave a reasonable explanation. In essence, she explained that Defendants' responses were correct when made: Locating the hard drive in question lay beyond a "diligent search" and "reasonable inquiry," given that several million documents were produced in the Alabama litigation; defense counsel had repeatedly changed since that time; and in the chaos, everyone was "not sure what they had." She did not know why prior counsel did not retrieve the documents from Lightfoot. She was not even sure the hard drive existed until she learned of the subpoena. Plaintiffs corroborated this explanation somewhat, questioning whether Defendants' former counsel engaged in "diligent record keeping."

Nevertheless, this explanation is of no avail in light of what Defendants did once they learned of the subpoena, learned that the hard drive was in their control, and learned that they had erred in their original response. By their own reasoning, Defendants were bound to remedy their error and retrieve the hard drive from Lightfoot. Instead, they insisted (as Plaintiffs tell it) that they had "lost control" of the hard drive, and moved to quash the subpoena. This response, problematic on its own, is especially troubling given Defendants' explanation that they only failed to produce the hard drive

because they did not know it existed. The following picture emerges: Defendants retained the power to retrieve material from a third party. They failed to exercise that power or acknowledge that they had it, despite the fact that it stemmed from a protective order that existed for their own protection. Then, they wielded the protective order to hinder discovery of that material in the hands of the third party. Taken together, these acts give the appearance of exploiting the protective order to make the material discovery-proof. "[T]here is something unsettling about the notion that [defendant] might forever be insulated from producing discovery in this, or other actions, by virtue of having once produced it in a protected fashion in the [prior] case." *Tucker*, 191 F.R.D. at 499-500.

Defendants request the opportunity to recover the hard drive and perform a "first look." Plaintiffs want the hard drive simultaneously disclosed for inspection according to ¶5.2(a) of the protective order in this case. The Court adopts Plaintiffs' proposal, for the above-mentioned reasons and because it roughly conforms to what Defendants agreed to in the Alabama case.

## ORDER

The Court DENIES Defendants' motion to quash. However, the Court STAYS this order pending compliance by Defendants with the following: Within seven days of service of this order, Defendants will give written notice to Lightfoot to deliver the hard drive, pursuant to ¶14 of the Alabama protective order, directly to Plaintiffs.[1] Upon receipt of the hard drive, Plaintiffs shall in no way view or access its contents until they have supplied a copy to Defendants. The parties may then inspect the hard drive as provided in the protective order in this case, subject to any further stipulations they may agree to. All of the material on the hard drive would initially be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Plaintiffs may then identify the documents they want discovered, Defendants may determine whether these require a protective designation, and both parties may resolve any disagreements, all as provided in the protective order.

IT IS SO ORDERED.

Dated:   **April 30, 2013**          **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The Alabama protective order specifies "return to the producing party." The Court's order is consistent with that order, as it amounts to constructive return to Defendants followed by immediate production to Plaintiffs, minus the delay.

3